FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAY -3 PM 1:47

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGIE BOURG                                             CIVIL ACTION

VERSUS                                                  NO. 07-2230

DEBBIE POPE, ET AL                                      SECTION "K" (3)

### ORDER DENYING PLAINTIFF's MOTION FOR RECONSIDERATION OF THE ORDER DENYING HIS APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Before the Court is Plaintiff's Motion to Reconsider [Doc. # 3] this Court's prior order denying Plaintiff's Application for Pauper Status [Doc. # 35] filed December 5, 2006. For the following reasons, plaintiff's motion for reconsideration is DENIED.

Reconsideration of an order is an extraordinary remedy which courts use only sparingly. Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 124; *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E. D. La. 2/3/98); *Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120 (E. D. La. 8/30/95). Courts typically consider several factors in exercising their discretion on a motion to reconsider, to wit: (1) whether the order should be amended to correct an error of law or fact so as to prevent manifest injustice; (2) the availability of new evidence; and (3) an intervening change in the controlling law. *See, e. g., Motiva Enterprises LLC v. Wegmann,* 2001 WL 246414 (E. D. La. 3/12/2001); *Clay v. Daichi Shipping,* 2000 WL 6269 (E. D. La. 1/5/2000); *Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (E. D. La. 2/3/98).

A motion to reconsider should *not* be used to relitigate old issues that were resolved to the

1

Fee_____
Process_____
X Dktd_____
✓ CtRmDep_____
Doc. No_____

Dockets.Justia.com

movant's dissatisfaction, to advance new theories, or simply to secure a rehearing. *See Fontenot v. Mesa Petroleum*, 791 F.2d 1207, 1219 (5th Cir. 1986); *Clay v. Daichi Shipping*, 2000 WL 6269 (E. D. La. 1/5/2000); *Campbell v. St. Tammany Parish School Board*, 1999 WL 777720 (E. D. La. 9/29/99).

Plaintiff has submitted *argument* that, since the time of his application, he may have to incur some expense in connection with treatment of his periodontal disease and the purchase of prescription eyeglasses. Additionally, plaintiff contends that he will need to conserve funds to finance his travel to the Fifth Circuit Court of Appeal Library to conduct legal research in the captioned case. Plaintiff has no dependents, owns a Chevrolet S10 Pick-up Truck and a mobile home.

Plaintiff continues to collect rent in the amount of $300.00 a month and receives social security benefits in the amount of $984.20 a month. Construing plaintiff's motion broadly, as this Court must, the "new evidence" submitted (*i.e.*, a supplemental report dated April 18, 2007 indicating physical limitation/pain due to multiple surgeries, erectile dysfunction due to opiate intake and continued drug therapy including but not limited to Wellbutrin, Viagra, Ibuprophen, supplemental testosterone and a pump) is being presented ostensibly for the purpose of demonstrating changed circumstances which may justify a revised ruling granting pauper status *nunc pro tunc*.

It is the Court's opinion that the instant motion is simply an attempt to secure a rehearing. Plaintiff does not suggest that reconsideration is necessary to prevent manifest injustice nor does he contend that there has been an intervening change in the controlling law.

Accordingly and for all of the aforesaid reasons,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is DENIED.

New Orleans, Louisiana, this 2nd day of May, 2007.

                                                                                       *[signature]*
                                                                                       **DANIEL E. KNOWLES, III**
                                                                                       **UNITED STATES MAGISTRATE JUDGE**