UNITED STATES DISTRICT  COURT

EASTERN DISTRICT OF LOUISIANA

REGGIE P. BOURG                                                   CIVIL ACTION

VERSUS                                                                  NO.   07-2230

DEPARTMENT OF THE TREASURY FINANCIAL             SECTION "N"
MANAGEMENT SERVICE, INC.

**O R D E R**

> Presently before the Court are numerous motions filed by Plaintiff, Reggie Bourg, (Rec. Doc. Nos. 25-26, 32-43, 47-49, and 51) and a motion for summary judgment filed by the United States of America on behalf of the United States Department of Education and the United States Department of the Treasury (collectively referred to as the "Government") (Rec. Doc. No. 27). **IT IS ORDERED** that the motions are granted or denied as stated herein.

> 1.   Motions for Appeal of Magistrate Judge Decisions  (Rec.  Doc.  Nos.  25 and 33).

> This motion appeals the magistrate judge's denial of Plaintiff's application to proceed without prepayment of fees, *i.e*., *in forma pauperis*. *See* Rec. Doc. Nos. 2 and 4.  **IT IS ORDERED** that Plaintiff's motion is **DENIED** and the magistrate judge's rulings are **AFFIRMED**.  Plaintiff's lack of consent to his application being referred to the magistrate judge for determination has no legal relevance.  Such pre-trial matters are referred to the magistrate judges of this Court pursuant to 28 U.S.C. §636(b), Rule 72 of the Federal Rules of Civil Procedure, and Local Rule 72.1E, and do not require the consent of the parties.  Further, given Plaintiff's identified income and assets, it is not

evident to the Court that the magistrate judge's ruling is erroneous.  Nevertheless, if Plaintiff's finances are or become such that he is unable to pre-pay any future filing fees required by this Court, he may seek any appropriate relief available, at that time, by filing a motion with the undersigned. Any such motion <u>must</u> include a comprehensive and updated statement of Plaintiff's income, expenses, assets, and debts.

2.  <u>Motions to Appoint Counsel (Rec. Doc. Nos. 34 and 43).</u>

**IT IS ORDERED** that Plaintiff's motions requesting that the Court appoint counsel to represent him in this matter are **DENIED**.  There is no absolute right to counsel in civil actions. Rather, counsel are appointed in civil matters only under very limited circumstances.  *See, e.g., Gonzales v. Carlin*, 907 F.2d 573, 579-80 (5th Cir. 1990) (discussing right of counsel provided by 42 U.S.C. §2000e-5(f)(1) and under "exceptional circumstances"); *Branch v. Cole*, 686 F.2d 264, 265-67 (5th Cir. 1982).  To determine if "exceptional circumstances" exist, the Court considers: (1) the type and complexity of the case; (2) whether the indigent person is capable of adequately presenting his case; (3) whether the indigent person is in a position to adequately investigate the case; and (4) whether the evidence consists largely of conflicting testimony such that skill in the presentation of evidence and cross examination is required.  *Gonzales,* 907 F. 2d at 579 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

At present, the Court does not find Plaintiff to have demonstrated that appointment of counsel is warranted here.  Although Plaintiff's claims cannot be characterized as commonplace, he, thus far, has been able to adequately present his case and identify relevant legal authority.  While the Court is cognizant of Plaintiff's physical limitations, it is not evident to the Court that Plaintiff is unable to adequately investigate and research his case so long as he takes sufficient breaks from

his physical activity. Further, where necessary to accommodate Plaintiff's limitations, the Court can grant reasonable extensions of time with respect to trial preparation and other case deadlines. Finally, there is no indication that the relevant evidence in this matter consists largely of conflicting testimony. Rather, it seems that much of the evidence will be documentary in nature.

The Court does recognize, however, the valuable assistance that attorneys provide to civil litigants. Accordingly, the Court encourages Plaintiff to continue to attempt to retain counsel in this matter. The undersigned strongly suggests that these efforts include contacting: (1) the New Orleans office of the Louisiana State Bar Association regarding lawyer referrals (504-561-8828); (2) New Orleans Legal Assistance (NOLAC) (504-529-1000); (3) The Pro Bono Project (504-581-4043); (4) the Tulane Law School Law Clinic (504-865-5153); and (5) the Loyola Law School Law Clinic (504-861-5590).[1] Plaintiff also may find internet resources such as www.martindale.com to provide helpful information regarding local attorneys and their areas of practice.

As Plaintiff already may be aware, the Federal Rules of Civil Procedure and the Local Rules of this Court, which govern proceedings in this Court, are published on the Court's website, which is found at www.laed.uscourts.gov. These materials, as well as numerous other legal reference materials, also may be reviewed and/or copied at the Law Library of the United States Court of Appeals for the Fifth Circuit, 600 Camp Street, New Orleans, Louisiana 70130. The telephone number there is 504-310-7797. Plaintiff is instructed to promptly review these rules, including the Preamble to the Local Rules and Local Rules 5, 7, and 78. Plaintiff is additionally warned that he shall not file duplicative motions. Such motions are subject to being stricken from the record.

---

[1] The Court advises that there may be alternative ways to contact these entities. The telephone numbers that are shown here were obtained from various internet web sites and/or the local telephone directory.

3. <u>Motion for Issuance of a Subpoena (Rec. Doc. No. 35).</u>

A party is not required to obtain a subpoena to procure information and/or documents from other parties to the litigation. Thus, to the extent that Plaintiff's motion requests the issuance of subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure, **IT IS ORDERED** that the motion is **DENIED** as unnecessary. Unless Plaintiff withdraws his request for the listed documents, however, it shall be treated as a discovery request made pursuant to Rules 26-37 of the Federal Rules of Civil Procedure, and particularly Rule 34, which addresses requests for production of documents. Defendants shall endeavor to respond to the requests within fifteen (15) days from entry of this Order. Finally, all motions relative to discovery in civil matters are automatically referred to the assigned magistrate judge pursuant to Local Rule 72.1E.

4. <u>Request for Trial by Jury (Rec. Doc. No. 36).</u>

**IT IS ORDERED** that Plaintiff's "Request for Trial by Jury" is **GRANTED** to the extent that Plaintiff seeks to have it treated on the record as a demand for trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

5. <u>Motion to Submit Response to Defendant's Answer (Rec. Doc. No. 37).</u>

Plaintiff's motion seeks leave to file a response to the answer filed by Defendant Van Ru Credit Corporation (Rec. Doc. No. 16). Responses to answers typically are not allowed. *See* Fed. R. Civ. P. 7. In this instance, however, because the document assists the Court's understanding of Plaintiff's claim against this defendant, the Court orders that Plaintiff's proposed response be filed as reply to Van Ru Credit Corporation's answer. Accordingly, **IT IS ORDERED** that Plaintiff's motion is **GRANTED**.

4

6.  <u>Motion to Resubmit and Accept Service of Process (Rec. Doc. No. 38)</u>.

Because the Court is uncertain as to the specific relief sought by this motion, **IT IS ORDERED** that the motion is **DENIED**.  A request for a waiver of service of summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is to be submitted to the relevant defendant and otherwise handled as stated therein.  Waiver is not ordered by the Court.  If a waiver is not obtained, proper service upon a corporation is addressed by Rules 4(h) and 5 of the Federal Rules of Civil Procedure, and Local Rule 5.  Relative to service, Plaintiff also may want to familiarize himself with the provisions of Louisiana Revised Statutes 13:3201-13:3475 and Articles 1231-1237 of the Louisiana Code of Civil Procedure.

7.  <u>Motion to Submit Memorandum (Rec. Doc. No. 40)</u>.

To the extent that Plaintiff's motion simply seeks to file his "Memorandum" into the record of this proceeding, **IT IS ORDERED** that the motion is **GRANTED**.  If Plaintiff desires for the Court to consider the memorandum in connection with any particular motion, however, Plaintiff must so advise the Court when Plaintiff files the motion at issue or submits an opposition memorandum in response to a motion filed by a defendant.  References to this memorandum must include citation of its record document number.

8.  <u>Motion for Extension of Time (Rec. Doc. No. 42)</u>

Because the extended deadline requested by Plaintiff's motion – thirty days after October 19, 2007 – has passed,  **IT IS ORDERED** that the motion is **MOOT**.  The Court further notes that, as stated above, responses to answers typically are  not allowed.  Nor has a reply been ordered by the Court pursuant to Rule 7 of the Federal Rules of Civil Procedure.

9.  <u>Motion for Judgment by Default  (Rec. Doc. No. 39).</u>

Given that the Government has filed an answer (Rec. Doc. No. 24), **IT IS ORDERED** that

Plaintiff's  motion for judgment by default is **DENIED**.

10.  <u>Motion for Extension of Time and Motion to Amend and Add Evidence  (Rec. Doc. Nos. 47 and 51).</u>

Plaintiff's Motion for Extension of Time seeks extra time to obtain and submit additional

medical information in connection with Plaintiff's opposition (Rec. Doc. No. 44)[2] to the

Government's motion for summary judgment (Rec. Doc. No. 27).  Plaintiff's Motion to Amend and

Add Evidence appears to seek leave to supplement his opposition memorandum (Rec. Doc. No. 44)

with the additional medical information referenced in the Motion for Extension of Time.  Given the

foregoing, **IT IS ORDERED** that both motions are **GRANTED**.

11.  <u>Motion to Amend and Add Evidence and Motion to Amend and Replace Evidence (Rec. Doc. Nos. 48 and 49).</u>

**IT IS ORDERED** that  both motions, which address evidence submitted in connection with

Plaintiff's opposition (Rec. Doc. No. 44) to the Government's motion for summary judgment (Rec.

Doc. No. 27), are **GRANTED**.

12.  <u>Motion to Separate Cases (Rec. Doc. No. 41).</u>

The exact relief sought with this motion is unclear.  The motion references a "judgment by

default" relative to Plaintiff's request for a preliminary injunction.  The Court, however, has denied

Plaintiff's requests for entry of default judgments.  *See* Rec. Doc. No. 22 and as stated above

---

[2]        Plaintiff's submission is entitled "Motion to Object to Defendant's Motion for Summary Judgment."  A submission to a motion that urges denial of the relief sought by the motion is properly referred to as a response or opposition memorandum.  *See* Local Rule 7.5E. Accordingly, the Court treats this document as such.

regarding Rec. Doc. No. 39.  One possible interpretation of the motion is that Plaintiff seeks to keep his claims against the Government and Defendant Van Ru Credit Corporation together for purposes of the Court's evaluation of his request for a preliminary injunction, but to try Plaintiff's claims for damages against the Government separately from Plaintiff's claims against Van Ru.  It is not clear, however, if this is actually the relief sought with the motion.  Given this uncertainty, **IT IS ORDERED** that this motion is **DENIED** as it currently is presented.  After the parties confer as directed below, one or more of the parties may file an appropriate motion relative to this issue.  In drafting any such motion, the movant(s) shall exercise great care to clearly communicate the requested relief.  If the parties cannot agree regarding this issue, the motion(s) filed are to be noticed for hearing and opposed in accordance with Local Rules 5, 7, and 78.1E.

13.  Motions for Hearing (Rec. Doc. Nos. 26 and 32).

These motions seek hearing with respect to pending motions filed by Plaintiff.  Given that the Court has ruled herein on all such motions,  **IT IS ORDERED** that these motions are **DENIED**. In the future, motion hearing dates and requests to appear in open court for purposes of presenting oral argument and/or witness testimony are to be handled as directed by Local Rules 5, 7, and 78.1E.

14.  Defendant's Motion for Summary Judgment (Rec. Doc. No. 27).

With respect to this pending motion, **IT IS ORDERED** that:

(a) The hearing date of this motion is re-set until Wednesday, May 21, 2008, at 9:30 a.m. The hearing shall be **WITH ORAL ARGUMENT**.  Thus, counsel and parties not represented by counsel, *i.e.*, Mr.  Bourg, shall appear in open court at that time.

(b) On or before Tuesday, April 8, 2008, counsel and parties not represented by counsel shall meet at a mutually agreeable place and time.  During that meeting, the parties shall confer and

attempt to ascertain whether all or part of the claims submitted in this action can be resolved amicably.  As part of this discussion, the parties are to discuss and  attempt to agree to, among other things: (i) whether there is any dispute that Plaintiff is "totally and permanently disabled" for purposes of obtaining a permanent discharge of his student loans;  (ii) whether the relevant three-year conditional discharge period for purposes of obtaining a permanent discharge is 1998-2001 or 2000-2003; and  (iii) whether Plaintiff's "earnings from employment" for the relevant conditional discharge period exceed 100 percent of the poverty line for a family of two, as determined in accordance with the Community Service Block Grant Act.  The parties are also to discuss what additional information and/or documents are needed from one another and to attempt to agree to a discovery schedule regarding the provision of same.

(c)   On or before <u>Monday, May 5, 2008</u>, the parties <u>shall</u> supplement their previous submissions relative to the Government's motion for summary judgment to clarify their positions regarding the issues set forth above in paragraph (b).  The Government's supplemental submission shall also respond to Mr. Bourg's previously filed opposition memorandum (including the subsequent amendments and additions thereto).  To the extent that either party <u>wishes</u> to supplement his or its prior submission relative to the motion for summary judgment in any other respect, any such supplement(s) shall be made on or before <u>Friday, May 9, 2008</u>.

(d)   To assist the Court's resolution of the Government's motion for summary judgment, as well as the remainder of the case, all parties shall submit, on or before <u>Monday, May 5, 2008</u>, a list of important dates and a brief description of the significant event(s) occurring on that date.

(e)   The parties are to contact  Magistrate Judge Daniel E. Knowles, III, to ascertain whether he is able and willing to hold a settlement conference in this matter within 30-45 days of the entry

of this Order.   If so, the parties are to attend and prepare for the settlement conference as directed

by Magistrate Judge Knowles.

New Orleans, Louisiana, this  24th  day of March 2008.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

Clerk to Copy:

United States Magistrate Judge Daniel E. Knowles, III