UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REGGIE BOURG**                                                                         **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 07-2230**

**DEPARTMENT OF THE**                                                      **SECTION "N" (3)**
**TREASURY FINANCIAL MANAGEMENT**
**SERVICE**

## DISCOVERY ORDERS

Before the Court is Plaintiff's Motion to Compel Discovery [Doc. # 59]. The matter was the subject of a briefing schedule. Both Van Vu Credit Corporation and the U. S. Department of Education filed formal memoranda in opposition [Doc. ## 64 and 65], explaining that all documentation relevant to the plaintiff's claims have been provided, a determination had been made that plaintiff is entitled to a permanent discharge of his student loan and that the matter is proceeding through the administrative process which should be completed by August of 2008.  *See also* Government's and Van Vu's Responses to the May 28, 2008 Court Order (Doc. ## 75 and 78). Plaintiff then filed a Motion to Reconsider arguing that one page was missing from the Government's submission (Doc. #64).  On the date of the hearing, counsel for the Government provided the Plaintiff with a copy of the aforesaid missing page.  Accordingly, Plaintiff's pending motions are MOOT.

## DISCUSSION

On May 2, 2007, *pro se* plaintiff, Reggie Bourg ("Bourg"), filed the captioned matter seeking injunctive relief against the United States Department of Education, the United States Department

1

of Treasury and Van Vu Credit Corporation. Plaintiff contends that $147.63 was improperly deducted from his April, 2007 Social Security benefit payment and that the federal defendants failed to exempt $9,000.00 from the payments as mandated by 31 U.S.C. § 3716 ( c )(3)(a)(ii). Bourg further seeks an injunction against the defendants enjoining any further administrative offsets and a refund of all monies deducted from his Social Security benefits. The federal defendants answered the complaint and contend that Bourg's suit to enjoin set-off is moot, considering that the set-off was reversed by the Department of Education upon receipt of Bourg's disability claim and that plaintiff's disability status has been recognized and the student loans at issue have been forgiven.

On March 24, 2008, the district judge issued an order requiring the defendants to respond to the plaintiff's discovery requests – *i.e.*, subpoenas which were construed as Fed. R. Civ. P. Requests for Production of Documents. *See* Order dated March 24, 2008 [Doc. #54]. Thereafter, the plaintiff filed the subject motion to compel. [Doc. #59].

In compliance with the undersigned Magistrate Judge's briefing order, the federal defendants and Van Vu Credit Corporation responded to plaintiff's motion to compel. At the outset, the Government notes that the plaintiff failed to comply with Local Rule 37.1E. More particularly, defendants contend that plaintiff's motion #59 is premature because he failed to file the requisite Rule 37.1E certificate and failed to confer with counsel for the defendants regarding the discovery requests at issue.

Moreover, defendants submit that plaintiff's motion is moot. On May 5, 2008, the United States produced documents responsive to the plaintiff's request, including all loan documents, notices, agency decisions, correspondence between the government and the plaintiff and copies of loan discharge applications sent by the plaintiff to the United States Department of Education.

In addition, counsel for the federal defendants notes that the production has not been returned as undeliverable. On July 17, 2008, the Government's counsel hand-delivered to plaintiff the page inadvertently omitted from its earlier voluminous production.

This Court is of the opinion that the defendants have fully complied with their discovery obligations to the plaintiff. Further discovery would be unduly burdensome and simply serve to harass the defendants, who have worked diligently to satisfy the plaintiff's demands. Defense counsel have "bent over backwards;" the net result of their efforts is that it appears to the undersigned that not one of the claims made by Mr. Bourg in this case remain actionable. Accordingly,

**IT IS ORDERED** that both plaintiff's Motion to Compel #59 and Motion for Reconsideration #82 are DISMISSED AS MOOT.

New Orleans, Louisiana, this 18th day of July, 2008.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**