UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGGIE P. BOURG | CIVIL ACTION |
| VERSUS | NO. 07-2230 |
| DEPARTMENT OF THE TREASURY FINANCIAL MANAGEMENT SERVICE, INC. | SECTION "N" |

## ORDER AND REASONS

On August 26, 2008, this Court cancelled a hearing scheduled to be held on August 27, 2008, in response to the plaintiff's, Reggie Bourg's, ("Bourg") August 26, 2008 motion requesting that the hearing be continued given meteorological predictions regarding Hurricane Gustav. *See* Rec. Docs. 94-95. Since that time, further review of the parties' submissions, Magistrate Judge Knowles' July 18, 2008 "Discovery Orders" (Rec. Doc. 83), and updated information that has been provided to the Court, allows the Court to rule on the remaining pending motions as stated herein without the necessity of an in-court appearance by Bourg or defense counsel.

## Background

On May 2, 2007, Bourg, proceeding *pro se*, filed this suit seeking relief against the United States Department of Education, the United States Department of Treasury, and Van Ru Credit Corporation. Bourg has contended that $147.63 was improperly deducted from his April 2007 Social Security benefit payment, and that the federal defendants failed to exempt $9,000.00 from the

payments as mandated by 31 U.S.C. § 3716 (c)(3)(a)(ii). Bourg further seeks an injunction against the defendants enjoining any further administrative offsets and a refund of all monies deducted from his Social Security benefits. In response, the government defendants contend that Bourg's suit to is moot, considering that the set-off was reversed by the Department of Education upon receipt of Bourg's disability claim, that Bourg's disability status has been recognized, and that Bourg's student loans were being forgiven based on his disability status.

## Analysis

Since the cancellation of the August 27th hearing, the Court has received confirmation that the Department of Education has granted Bourg a total and permanent discharge of his student loans. *See* June 12, 2008 "Notice of Loan Discharge," which is attached hereto as Exhibit A. Given the foregoing, the Court rules as follows:

(1) **IT IS ORDERED** that the Government's Motion for Summary Judgment (Rec. Doc. 27) and Bourg's "Motion to Object and Appeal [the July 18, 2008] Order and Reasons" (Rec. Doc. 93) are **GRANTED IN PART** and **DENIED IN PART**. Specifically, the only claim still presently remaining for disposition by the Court is Bourg's assertion that the Government did not give him the notice required by 31 U.S.C. §3716 and 31 C.F.R. §285.4 prior to his Social Security benefits payment being offset relative to his unpaid and overdue school loans. Although Bourg's contentions regarding notice may be without merit, the Government's submissions have not addressed it such that the Court is able to rule upon it. Thus, for purposes of this specific issue only, the Government's motion is **DENIED**, and Bourg's motion to object and appeal is **GRANTED**. Otherwise, the Court finds that the remainder of Bourg's requests for relief, as addressed by these motions, are **DENIED AS MOOT**. The offset against Bourg's disability payment was reversed

2

upon the Government's receipt of his discharge application, collection actions have been suspended, and, as previously stated, Bourg has been granted a total and permanent discharge of his student loans. Further, on these facts, there is no basis for the Court to conclude that Bourg's disability benefits risk a future offset relative to his now discharged student loans.

(2) Bourg's "Motion for Reconsideration" (Rec. Doc. 66) and "Motion for Ruling on Motion to Reconsider Appointment of Counsel" (Rec. Doc. 92) ask the Court to reverse its prior denial of his requests for appointed counsel. *See* March 24, 2008 Order (Rec. Doc. 54). As previously explained, there is no absolute right to counsel in civil actions. Rather, counsel are appointed in civil matters only under very limited and exceptional circumstances. On the showing made, the Court again concludes that, at present, Bourg is not entitled to appointment of counsel. Accordingly, **IT IS ORDERED** that these motions (Rec. Docs. 66 and 92) are **DENIED**.

New Orleans, Louisiana, this 31st day of March 2009.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

Clerk to Copy:

United States Magistrate Judge Daniel E. Knowles, III



# Notice of Loan Discharge

REGGIE P BOURG
6685 SHRIMPERS ROW
DULAC, LA, 70353-2403

06/12/2008
Account #: 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
Date of Disability: 03/01/2000
Loan #(s): 435929253DC011-
435929253DC020

**Reason for Notice**

This notice certifies that the loan(s) referenced above that were assigned to the U.S. Department of Education's (ED's) Disability Discharge Loan Servicing Center by

U.S. DEPARTMENT OF EDUCATION'S DEFAULT RESOLUTION GROUP

have been DISCHARGED due to total and permanent disability. Your loan(s) in the amount of $53,773.86

were discharged on 06/12/2008

**Important Information**

You have fully met the requirements of the 3-year conditional discharge process.

Any payments received by your previous loan holder and by the Department of Education's Disability Discharge Loan Servicing Center after the date you became totally and permanently disabled will be returned to you. Your loan discharge will be reported to national credit bureaus.

**Questions**

If you have any questions, please contact the Disability Discharge Loan Servicing Center at 1-888-869-4169 or send an email to disability_discharge@acs-inc.com. Written correspondence can be sent to U.S. Department of Education Conditional Total and Permanent Disability Assignments PO Box 7200 Utica, NY 13504. Hearing impaired individuals with access to a TDD (Telecommunications Device for the Deaf) can call 1-888-636-6401.

Exhibit "A"

*Our Mission is to Ensure Equal Access to Education and to Promote Educational Excellence Throughout the Nation*
U.S. Department of Education